# ORIGINAL

# In the United States Court of Federal Claims

### No. 16-1521C
### Filed: February 24, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **STEVEN DEON TURNER, JR.,** | \* |
| **Plaintiff,** | \* |
| | \* |
| **v.** | \* |
| | \* |
| **PAUL A. BACIAGALUPO, JAKIE** | \* |
| **LACEY, STEVEN E. WEISS, PHILIP L.** | \* |
| **BROWNING, MARGUERITE** | \* |
| **DOWNING, CANDICE KEY, MELITA** | \* |
| **WILEY, (UNITED STATES),** | \* |
| | \* |
| **Defendants.** | \* |

**FILED**

FEB 2 4 2017

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Steven D. Turner, Jr.**, pro se, California Correctional Institution, Tehachapi, CA.

**Jeffrey M. Lowry**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him was **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, **Joyce R. Branda**, Acting Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C.

### OPINION

**HORN, J.**

### FINDINGS OF FACT

Pro se plaintiff Steven Turner, Jr. filed a "criminal complaint" in the United States Court of Federal Claims against various individuals. Plaintiff did not identify the United States as the defendant in this case. Instead, plaintiff lists "Paul A. Baciagalupo," "Jakie Lacey," "Steven E. Weiss," "Philip L. Browning," "Candice Key," "Melita Wiley," and "Marguerite Downing" as well as "a legislative entity."[1] Although plaintiff's "criminal complaint" contains incoherent allegations against these individuals, he appears to assert that pursuant to the California "penal" and "Government" code, the "Constitution for the

---

[1] Although plaintiff indicated he was filing his complaint "FOR THE DISTRICT OF (State) California (Foreign State) IN THE COUNTY OF LOS ANGELES," with "JURISDICTION" under "18 USC 241," described it as "this criminal complaint," and his complaint did not identify the United States as the defendant in his submission to the court, the court's staff attorney's office reviewed plaintiff's submission and, for whatever reason, directed that a case be opened to initiate an action naming the United States as the defendant.

State of California," "United States Codes Title 18," "the United States Criminal Code," and "the Federal Rules of Criminal Procedure," the "above-named Respondents, in the instant action have supported criminal actions by willfully and knowingly" denying "A RIGHT to due process of law" and engaging in "DOMESTIC MIXED WAR."[2] Plaintiff alleges that "Respondents 'PAUL A. BACIAGALUPO, STEVEN E. WEISS, JAKIE LACEY, MARGUERITE DOWNING, PHILLIP L. BROWNING, CANDICE KEY" and "MELITA WILEY" "acted against that due process by acting in a criminal conspiracy to defraud the Complainant Affiant of his property, giving such property to the [the State taxing authority] [and/or] the IRS, WITHOUT ANY KIND OF LAWFUL JUDGEMENT, COMMERCIAL PAPERWORK, CONTRACTS OR PROOF OF CLAIMS." It is extremely difficult to ascertain any further factual allegations from plaintiff's "criminal complaint" to support his allegations of "criminal actions."

In response to plaintiff's "criminal complaint," defendant filed a motion to dismiss for lack of subject matter jurisdiction. Defendant asserts that this court does not have jurisdiction to entertain plaintiff's claims because Mr. Turner's allegations are against private actors and this court's jurisdiction is limited to claims against the United States. Defendant argues also that this court cannot exercise jurisdiction over plaintiff's criminal allegations in his criminal complaint.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.""" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities

---

[2] Capitalization, grammar, punctuation, and other errors quoted in this opinion are as they appear in plaintiff's submissions.

in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting <u>Henke v. United States</u>, 60 F.3d 795, 799 (Fed. Cir. 1995)); <u>Harris v. United States</u>, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting <u>Minehan v. United States</u>, 75 Fed. Cl. at 253)). Nonetheless, this court finds that it does not have jurisdiction to consider plaintiff's claims in the above-captioned case.

Pursuant to Rule 10 of the Rules of the United States Court of Federal Claims, all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant." RCFC 10(a) (2016); <u>see also</u> 28 U.S.C § 1491(a)(1) (2012). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." <u>United States v. Sherwood</u>, 312 U.S. 584, 588 (1941) (citation omitted); <u>see also</u> <u>Kurt v. United States</u>, 103 Fed. Cl. 384, 386 (2012). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." <u>Stephenson v. United States</u>, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); <u>see also United States v. Sherwood</u>, 312 U.S. 584, 588 (1941); <u>May v. United States</u>, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), <u>aff'd</u>, 293 F. App'x 775 (Fed. Cir. 2008). Accordingly, because this court cannot consider Mr. Turner's claims against any defendant other than the United States, Mr. Turner's claims against "Paul A. Baciagalupo," "Jakie Lacey," "Steven E. Weiss," "Philip L. Browning," "Candice Key," "Melita Wiley," and "Marguerite Downing" must be dismissed.

Additionally, this court cannot exercise jurisdiction over plaintiff's complaint because it is a "criminal complaint" that alleges "criminal actions" against the named individuals. <u>See Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994); <u>see also</u> <u>Cooper v. United States</u>, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted); <u>Mendes v. United States</u>, 88 Fed. Cl. 759, 762, <u>appeal dismissed</u>, 375 F. App'x 4 (Fed. Cir. 2009); <u>Hufford v. United States</u>, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); <u>Matthews v. United States</u>, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), <u>recons. denied</u>, 73 Fed. Cl. 524 (2006); <u>McCullough v. United States</u>, 76 Fed. Cl. 1, 4 (2006) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Accordingly, because plaintiff's "criminal complaint" alleges "criminal actions," those allegations must be dismissed for lack of subject matter jurisdiction.

Finally, to the extent plaintiff seeks to assert due process allegations, this court does not have jurisdiction to hear such claims. The United States Court of Appeals for the Federal Circuit consistently has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments. <u>See Crocker v. United States</u>, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (no

jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (1995))); see also Smith v. United States, 709 F.3d 1114, 1116 (2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n. 5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Harper v. United States, 104 Fed. Cl. 287, 291 n. 5 (2012); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 Fed. App'x. 995 (Fed. Cir. 2011), cert. denied, —— U.S. ——, 132 S. Ct. 1105, 181 L. Ed. 2d 973 (2012); McCullough v. United States, 76 Fed. Cl. at 4 ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."), appeal dismissed, 236 Fed. App'x. 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050, 128 S. Ct. 675, 169 L.Ed.2d 529 (2007). Due process claims "must be heard in District Court." Kam–Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012); see also Hampel v. United States, 97 Fed. Cl. at 238. This court, therefore, lacks jurisdiction to hear plaintiff's due process claims.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED,** and plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

4